UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 APR 14  A 10: 30

LORETTA G. WHYTE
CLERK

JAMAL ABU SAMAK,                    *

    Petitioner,                    *      Case No. Sec. A
                                          Crim. No. 91-189
    -vs-                           *

UNITED STATES OF AMERICA,           *

    Respondent.                    *

## REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION

**COMES NOW,** Petitioner through undersigned counsel who respectfully enters his reply

the Government's response  in opposition to his motion previously filed under 28 USC § 2255.

Petitioner also files with this reply, an additional affidavit addressing the Government's claims that

the one year limitations period should be strictly enforced in this case and that no mitigating

factors would permit tolling of the limitations period.  The Petitioner submits that as applied to his

case, the recent rulings of the Fifth Circuit would establish an exceptional circumstance permitting

the tolling of the limitations period of the AEDPA.

The Government has claimed that the one-year limitations period of the AEDPA is "a

mandatory, jurisdictional, and non-waivable rule." (Government's Motion, p. 7).  The Petitioner

respectfully disagrees.  As the court recognized in Davis v. Johnson, 158 F.3d 806  (5th Cir.

1998), "the AEDPA one-year limitations period was a statute of limitations, not a bar to federal

jurisdiction. . . ." which "could be equitably tolled, albeit only in rare and exceptional

circumstances."  Id. at 807 (internal quotation omitted).  Additionally, the court "must examine

each case on its facts to determine whether it presents sufficiently rare and exceptional

circumstances that may be seen as rare and exceptional."  Id. (citations omitted).  In Coleman v.

Johnson, 184 F.3d 398 (5ᵗʰ Cir. 1999), the court stated that"equitable tolling applies principally

where the plaintiff is actively mislead by the defendant about the cause of action or is prevented in

some extraordinary way from asserting his rights." Id. at 402 (citation omitted).  The Petitioner

submits that procedural dismissal should not be afforded the broad-brush treatment advocated by

the Government, for as the Supreme Court has noted that "dismissal of a first habeas petition is a

particularly serious matter, for that dismissal denies the petitioner the protections of the Great

Writ entirely, risking injury to an important human liberty." Lonchar v. Thomas, 517 U.S. 314,

324 (1996).

The Petitioner contends that dismissal in this instance would result in a great injustice, by

eliminating the final opportunity to be heard on the merits of his claims, at least one of which, the

Government has recognized has "some weight." (Government's Motion, p. 2 n1).  In the

attached affidavit of Petitioner, he recounts the efforts he made to timely file his § 2255 motion.

Although the Government has noted that the Petitioner did secure the return of his monies and

legal materials in February and April of 1998 (Government's Motion, p. 6), the Petitioner submits

that the Government's efforts to dismiss would have been the same had he filed his § 2255 motion

in May of 1998.

The Petitioner submits that exceptional circumstances occurred in his case that would

make equitable tolling an appropriate response.  The Petitioner has set forth, under oath, a

detailed explanation of the attempts he made to satisfy the one-year limitations period.  (See

Affidavit of Petitioner, with attachments).  Being an individual for whom English is a second and

difficult language, Petitioner sought to place his legal matters in the hands of an attorney who

could guide him through the procedural maze that is federal post-conviction litigation.  Indeed,

beginning in 1994, Petitioner sought out the services of Attorney Ferrouillet and later retained him

in 1995 by paying him a total of $9,000 establishing an attorney-client relationship for purposes of filing his § 2255 motion. For the next three years, Petitioner, under the mistaken belief that the § 2255 motion had been filed, made no further filings with the court, under the mistaken belief that Attorney Ferrouillet was vigorously pursuing his claim. Upon finally learning that his post-conviction motion had not been filed, Petitioner sought the return of his funds, filing a grievance with the State Bar of Louisiana. Not until April 1998, did Petitioner secure the return of his funds from Attorney Ferrouillet, and thereupon began additional efforts to retain another attorney to file his § 2255 motion. In his affidavit, Petitioner recounts the additional efforts he undertook to retain a another attorney to represent him. At no time, could Petitioner be accused of lack of diligence in attempting to preserve his rights under the Great Writ.

The Petitioner submits that this Court should find that the time from April 24, 1997 until the filing of his motion should be tolled for equitable reasons and proceed to consider the merits of the claims raised in his § 2255 motion.

Respectfully submitted,

Aaron P. Buda
Attorney for Petitioner
Schad, Buda, Cook, LLC
6310 E. Kemper Rd., Suite 125
Cincinnati, Ohio 45241
513/489-8990 (telephone)
513/469-5793 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Response to the Government's Motion in Opposition was on this ___14th___ day of ___April___, 2000 placed in First Class United States Mail with sufficient postage affixed to ensure delivery to the office of the Assistant United States Attorney, 501 Magazine Street, New Orleans, Louisiana 70130.

Aaron P. Buda (Ohio Bar # 061815)
Schad, Buda, Cook, LLC
Attorney for Petitioner
6310 E. Kemper Road, Suite 125
Cincinnati, Ohio 45241
513/489-8990 telephone
513/469-5790 facsimile

## AFFIDAVIT OF PETITIONER

Comes now, Jamal Abu Samak, the Affiant, being first duly sworn, makes the following declaration under oath and penalty of perjury, believing this statement to be true to the best of his knowledge and belief:

1.  My primary language is Arabic, thus, I could communicate in English only to a limited extent, and even then, with difficulty and generally requires the services of an interpreter.

2.  I has no knowledge of the criminal laws and rules and procedure of the court as they apply to my case.

3.  In approximately October of 1994, I spoke with attorney Alvarez T. Ferrouillet for purposes of securing represention in preparing and filing a petition to challenging my conviction and sentence pursuant to 28 USC § 2255.

4.  On or about October 24,1994, I paid Mr. Ferrouillet as a payment for attorney fees, a sum of one thousand dollars ($1000.00) (see attachment   ).

5.  Mr. Ferrouillet accepted the initial fee and Mr. Ferrouillet came to USP Lewisburg, Pennsylvania to visit me.

6.  On or about November, 1994, Mr. Ferrouillet visited with me at USP Lewisburg, pennsylvania and orally agreed to provide me representation in the prosecution of my habeas petition.

7.  The terms of the oral agreement included the following:

   a)  I was to pay Mr. Ferrouillet an additional sum of

-2-

eight thousand dollars ($8000.00).

b)  Mr. Ferrouillet's agreed to provide me whatever

services were required in prosecuting my habeas petition;

c)  Mr. Ferrouillet's would keep me updated on the

status and progress of the case and would exercise all

due diligence on my behalf.

8.  Consequently, on or about November 1994, during Mr.

Ferrouillet's visit with me, an attorney-client relationship

was established between me and Mr. Ferrouillet's.

9.  In approximately August 95, I paid Mr. Ferrouillet's the

agreed upon sum of eight thousand dollars ($8,000.00) to

secure my representation. (see attachment  ).

10.  In telephone conversation soon after August 1995, Mr.

Ferrouillet informed me that the habeas petition had been

filed in federal district court. It has always been my

belief and understanding that Mr. Ferrouillet filded my

2255 and other necessary court papers. Mr. Ferrouillet has

told me on numerous occassions that he had done the above.

11.  Mr. Ferrouillet has lead me to believe that he was

providing me with sincere and adequate representation. Mr.

Ferrouillet convinced me that he had made greate progress

in my case and that I would just have to wait a little

longer.

12.  For a three year period, I continuously called Mr.

Ferrouillet on average of at least once per week to inquire
about the status and progress of my habeas petition and to
be updated on any changes, only to be told lies.

13.  In subsequent conversations, I called Mr. Ferrouillet
to inquire about the status of the petition and was informed
by Mr. Ferrouillet that he waiting for reassigment of my
case to another District Court judge that he knew that he
could be trusted to make sure I won my freedom, and that he
belief the Honorable Charles Schwartz, Jr., District Court
Judge  will'never be impartial in my case, because he hate
arabs.

14.  At no time throughout this three year period did Mr.
Ferrouillet ever mention that he could no longer be my
attorney or handle the case he was retained to do.

15.  Mr. Ferrouillet is an attorney who practices criminal
law and I am not aware of any other practice of which Mr.
Ferrouillet was involved. because, I have known Mr.
Ferrouillet only in the capacity of a lawyer, I trusted his
word thinking he was a ethical person. For this reason I
asked MR. Ferrouillet to represent me in my criminal case,
furthermore Mr. Ferrouillet quoted me a fee for his
representation and again assured me that he could ascertain
my freedom.

16. On some date in November or during the first week of

-4-

of December, 1997, I learned that my habeas petition had
not been filed.

17.   On December 21,1997, I filed complaint against Mr.
Ferrouillet to the State Bar of Louisiana in order to
secure the return of my money and to return copies of my
trial transcripts and related legal documents in my case,
and requesting the assistant of the Office of the
Disciplinary Counsel in conviencing the court that due to
inadequate counsel, I was unable to file my 2255 in a
timely manner, it was no fault of my own, Mr. Ferrouillet
has been sanctioned by the Bar in part, due to his neglect
of my legal matters.

18.   I belief that all my phone call conversation with
Mr. Ferrouillet on tapes, pursuant to Bureau of prisons
inmate telephone regulations, this tapes will substantiate
the truthfulness of my affidavit.

19.   On or around April 27,1998, Mr. Ferrouillet return to
me all the fees I paid him to secure my representation, but
up to this Mr. Ferrouillet never return to me all my legal
papers.

20.   Immediately after I learned that Mr. Ferrouillet had
not filed my habeas petition, I spoke to follow inmate, who
was knowledgeable about criminal law to assistant, whowever
few months later this inmate handle me a petition, that
other inmates believed it's frivolous, and they advise me
to try to find lawyer to represent me in this matter.

-5-

21.   For few months after I learned that Mr. Ferrouillet
had  not filed my habeas petition, I was unable to secure
the assistant of attorney to file my habeas petition, because
I not had enough fund to hire attorney.

22. Immediatly after Mr. Ferrouillet return to my money
I contacted the law office of Helen Wang to represent me in
this matter.

23.   On or around April, 1998, Ms. Helen Wang visited me at
USP Beaumont for consultation, however, she was strongly
belief that I cann't file 2255 due to one year of the AEDPA.

24.   I continue search for attorney willing to represent
me in this matter and would exercise all due diligence on
my  behalf.

25.   On or around May 1998, I heard of attorney Marcia G.
Shein as expert in 2255, I placed her phone number in my
list, However, I was unable to contact her and few months
later I learned that office moved from that address.

26. On June 2,1998, I wrote attorney Marica G. Shein
requesting her new phone number, However, few days later
the mail returned to me, the letter marked with stamp
stating "RETURN TO SENDER INSUFFICIENT ADDRESS". (see
attachment  ).

27. On same date in June or during the first week of July
13,1998, I wrote attorney Herbert V. Larson, Jr., from
New Orleans, Louisiana to represent me in my 2255, However,

on middle of July 1993, I received respond from Mr. Larson
stating that at the present time he unable to accept
additional work, or other cases, regardless of how
meritorious the case might be. (see attachment ).

28. On July 1998, I obtained the new address of attorney
Marcia G. Shein, and immediately I wrote her letter to
ask her to represent me in my 2255. (see attachment ).

29. On July 27,1998, I received a letter from attorney
Marcia G. Shein, she request a minimum of $15,000.00 for
initial filing of the district court, However, I was
unable to secure such a mount of money. (see attachment 8).

30. On or around July 27,1998, I wrote the national legal
professional associates to see if they will represent me
on my §2255.

31. On or around August 10,1998, I received respond to
my letter from the national legal proffional, that they
cann't represent me in my §2255, but they can prepare
for me and my counsel a detailed analysis of my case,
However, at that time I not have attorney.

32. On August 25,1998, inmate provide me with the phone
number of Schad, Buda, Cook, L.L.C., immediatly I contact
them to see if they willing to take my case, they agree to
review the case.

33. On August 28,1998, I proiveded them with all my file
to evaluate my case, and outline of legal issues and
argument fellow inmates advise to raise .

34.  On the first week of December 1998, I received letter from my attorney Mr. Aaron P. Buda that he agreed to represent me in my §2255 litigation. (see attachment   ).

35. During 1999 and January 2000, the USP Beaumont was under lockdown in different occassions for approximately one month, this lockdown effect the corresponde, communcation, between me and my attorney, and I was in able to notaries the required document for my §2255 at required time by my attorney or secure the assistance of other inmates to review the drafts and the letters of my attorney Mr. Buda and prepare the proper responds and comments.

36.  Immediately after I learned that Mr. Ferrouillet had not filed my habeas petition, I done everything in my power to file my habeas petition without any further delay, However, for months I faced extraordinary circumstance beyond my control, such as to find trustful and honset attorney willing to represent me in my case, to ibtain all my legal papers requested by my attorney to reveiw the case, it's extrnal forces, rather than a lack of diligence, account for the failure to file a timely claim.

So Executed on this 28 day of March, 2000.

*Jamal Abu Samak*
Jamal Abu Samak
#21826-034
P.O.Box 26030
Beaumont, TX 77720

<u>NOTARY PUBLIC</u>

The above named Jamal Abu Samak personally appeard before
me, the undersigned notary public in and for the state of Texas,
and executed this document on this 28th day of March, 2000.



Seal

Notary Public
State of Texas

My Commission Expires: 6/16/2002

**UNITED STATES DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

P-4308

Voucher No. 4487

### Request for Withdrawal of Inmate's Personal Funds

U.S.P. LEWISBURG PA. 17837
(Name of Institution and Location)

8-7-95
(Date)

Please charge to my account the sum of    8000  00 . . . and authorize the same to
                                          Dollars  Cents

be paid to: MR. A.T. FERROUILLET    2640 BARRACK'S ST.
            (Payee)                  (Street Address)

NEW ORLEANS   LA.   70119        ATTORNEY FEES
(City)        (State) (Zip)       (Purpose)

The inmate's personal account    Jamal Abu Samrak   F-2   21826-034
has been charged in the          (Signature of Inmate)       (Register No.)
amount indicated above

K Read  8/17/95
(Commissary Clerk)                           (Approving Official)

Paid by cash on _____ , 19___ ,
USP LVN                                              (Payee's Signature)

BP-199(45)
October 1979

**INMATES DUPLICATE COPY**

---

**UNITED STATES DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

P-0362

Voucher No. 0313

### Request for Withdrawal of Inmate's Personal Funds

U.S.P. Lewisburg PA. 17837
(Name of Institution and Location)

10/24/94
(Date)

Please charge to my account the sum of    1000  00 . . . and authorize the same to
                                          Dollars  Cents

be paid to: MR. A.T. FERROUILLET   2640 BARRACK'S ST.
            (Payee)                  (Street Address)

NEW ORLEANS   LA.   70119        ATTORNEY FEES
(City)        (State) (Zip)       (Purpose)

The inmate's personal account    Jamal Abu Samrak   F-2   21826-034
has been charged in the          (Signature of Inmate)       (Register No.)
amount indicated above          JAMAL A. SAMAK

11-2-         (Commissary Clerk)                           (Approving Official)

Paid by cash on _____ , 19___ ,
USP LVN                    Previous editions not usable    (Payee's Signature)

BP-199(45)
October 1979

**INMATES DUPLICATE COPY**

JAMAL ABU SAMAK
#21826-034
P.O.BOX 26030
BEAUMONT, TX 77720

JAMAL ABU SAMAK
#21826-034
P.O.BOX 26030
BEAUMONT, TX 77720

RETURN TO SENDER
LEGAL MAIL
INSUFFICIENT
ADDRESS

LEGAL MAIL

RECEIVED

LEGAL MAIL
1998

Opened in
Error
Mailroom

3A3

MRS. MARCIA G. SHEIN
ATTORNEY AT LAW
710 LAKE VIEW AVENUE, N.E.
ATLANTA, GEORGIA 30308

3A3

FORWARDING
ORDER
EXPIRED

MILLER, SHEIN, LEITNER&WALLACE
LAW OFFICE
780 N.E. 69th STREET SUITE 501
MIAMI, FLORIDA 33138

BEAUMONT TX
PM





# HERBERT V. LARSON, JR.

ATTORNEY AT LAW

700 CAMP STREET

NEW ORLEANS, LOUISIANA 70130

(504) 528-9500

July 13, 1998

Mr. Jamal Abu Samak
Reg. No. 21826-034
P.O. Box 26030
Beaumont, Texas 77720

Re:   Post-conviction relief

Dear Mr. Samak:

I am writing in response to your letter post-marked July 9, 1998, which I received today. Unfortunately, I must inform you that at the present time, I am unable to accept additional work, or other cases, regardless of how meritorious the case might be.

Because I am a sole practitioner, I must limit the number of cases which I accept, if I am to be able to devote sufficient time to each case. Because of a unusual combination of circumstances, and clients, I now find that it would be unwise for me to take on additional work at this time -- especially a case which appears to need immediate attention, as yours does.

I do appreciate your contacting me, and wish you success in your efforts to find an attorney who will represent you in diligent and conscientious manner.

Thanking you again, I am

Sincerely,

Herbert V. Larson, Jr.

JAMAL ABU SAMAK
#21826-034
P.O.BOX 26030
BEAUMONT, TX 77720

MRS. MARCIA G. SHEIN
ATTORNEY AT LAW
52 EXECUTIVE PARK SOUTH
SUITE 5203
ATLANT, GEORGIA 30329

DEAR MRS. SHEIN:

THE PAST FEW MONTHS I TRY TO CONTACT YOU TO SEE IF YOU CAN REPRESENT
ME ON MY §2255, BY CALLING 404-874-9560 AND 305-756-0403, BUT EVEYTIME
I CALL THESE NUMBERS I GOT SOMEBODY HOME NOT OFFICE, THEN I SENT TWO
LETTERS TO YOUR OLD ADDRESS IN MIAMI, FLORIDA AND IN ATLANT, GEORGIA,
THE LETTERS RETURN BACK STATING "FORWARDING ORDER EXPIRED", WITH ALL
THAT I NOT GIVE-UP IN MY EFFORTS TO REACH YOU, YESTARDAY I GOT YOUR
NEW ADDRESS.

I HAD LOST MY APPEAL AND MY DIRECT APPEAL, THE LAWYER I HAD HIRE FOR
THE TRIAL AND THE LAWYER OF THE APPEAL DID VERYBAD JOB, REALLY THEY
HEART ME MORE THAN THEY HELP.

I HAD BEEN CHARGED IN 1991 FOR ARSON RESULT IN DEATH, AND EVENTHOUGH
THE JURY DID NOT RECOMMAND LIFE, THE JUDGE SENTENCE ME TO LIFE, THE
TRIAL LAWYER DIDN'T OBJECT TO THE JUDGE SENTENCE AND MY APPEAL LAWYER
NEVER RAISE ANY ISSUE REGARDING THE SENTENC.

AFTER I LOST MY APPEAL I HIRE NEW LAWYER FOR MY §2255, HE TAKE MY MONEY
AND NEVER FILE MY §2255, EVENTHOUGH EVERYTIME I CONTACT HIM HE CLAIM
THAT HE FILE MY §2255. LATER I FOUND THAT NEVER FILE ANYTHING IN THE
COURT, LATER HE BEEN ARRESTED AND THE BAR ORDER HIM TO RETURN TO ME
MY MONEY BACK.

THE PROBLEM IS THE ONE YEAR FOR FILING §2255 HAD EXPIRED, BECAUSE OF
THIS LAWYER, BUT I HAVE ALL THE PAPERS THAT PROVE THAT WAS NOT MY

FOLD.

I WONDERING IF YOU CAN REPRESENT ME ON MY §2255, AND IF SO, WHETHER
THE COURT WILL ACCEPT MY MOTION AFTER THE ONE YEAR HAD ALREADY EXPIRED.

MY TRIAL WHICH FULL WITH REVERSAL ERRORS, LAST THREE DAYS, ALL MY CO-
DEFENDANTS PLEA-GUILTY, AND RECEIVED SHORT SENTENCE, ONE OF THEM ALREADY
HOME, THE OTHER TWO WILL BE RELEASED SOON.

I'AM THE ONLY ONE WENT TO TRIAL, MY LAWYER NEVER ADVISE ME TO PLEA-
GUILTY AND NEVER COMMUNICATE TO ME ANY PLEA-BARGAIN, AND WHEN I ASK
HIM FEW WEEKS AGO IF THE GOVERNMENT EVER OFFER HIM ANY PLEA-BARGAIN,
SINCE I BELIEVE THERE ARE NO REASON FOR THE GOVERNMENT TO OFFER ALL MY
CO-DEFENDANTS PLEA AND NOT TO OFFER ME ONE, HE RESPOND THAT THEY NEVER
OFFER HIM ANY DEAL, I REALLY DON'T KNOW IF HE SAYING THE TRUTH OR NO,
AND I HAD NO IDEA HOW CAN I FIND IF THEY OFFER ANY DEAL, I FILE
FREEDOM OF INFORMATION REQUEST IN HOPE TO FIND THE TRUTH, BUT THE TIME
IS RUNNING AND I DON'T KNOW WHAT TO DO? THE BOTTOM LINE, IF THE GOVER-
MENT HAD OFFER ANY DEAL, SURLLY I WILL ACCEPTED, AND I WILL NEVER WENT
TO TRIAL.

AS YOU SEE I HAVE A STRONG CASE FOR INEFFECTIVE ASSISTANCE OF ATTORNEY,
AND OTHER ISSUES, SO, PLEASE, INFORM ME IF YOU CAN REPRESENT ME IN THIS
CASE, AND HOW MUCH YOU WILL CHARGE FOR §2255, I AM NOT RICH MAN, BUT I
THINK WE CAN WORK SOMETHING OUT.

FINALLY, I WONDERING IF YOU CAN PROVIDE ME WITH A LIST OF THE CASES YOU,
WIN AND THE NEWS-LETTER YOU PUBLISHED, ALSO, I WOULD LIKE TO KNOW THE
BEST TIME THAT I CAN CALL YOU TO DISCUSS MY CASE, YOU KNOW IT IS NOT
EASY TO HAVE LEGAL AT USP BEAUMONT, AND IT TAKE FEW DAYS TO PUT YOUR
PHONE-NUMBER IN MY PHONE LIST, AND THAT THE REASON WHY I WRITY RIGHT
AWAY IN HOPE YOU RESPOND TO ME AS SOON AS POSSIBLE.

THANK YOU FOR YOUR HELP.

RESPECTFULLY YOURS;

JULY 2,1998.

JAMAL ABU SAMAK



# SHEIN & BIGGS

### *Attorneys At Law*

## Federal Criminal Law Center, Inc.

*Plea, Sentencing, Appellate & Post-Conviction*
*Consultation and Representation*

**Marcia G. Shein, M.S.***
**Richard D. Biggs**
*Attorneys At Law*

Admitted In All Federal
Appellate Circuit Courts

U.S. Supreme Court Practice

*Georgia Court of Appeals &
Georgia Supreme Court

**Lynn Winters**
Office Administrator

**Tamela Cromartie**
Paralegal

52 Executive Park South
Suite 5203
Atlanta, Georgia 30329
Telephone: (404) 633-3797
Fax: (404) 633-7980
Email: fclc@mindspring.com

July 20, 1998

Jamal Abu Samak
Reg. No. 21826-034
P.O. Box 26030
Beaumont, TX 77720

Dear Jamal:

Thank you for contacting our organization. I have enclosed some information concerning our services and legal information that may be helpful to you for your review.

I apologize that you have had difficulty in finding us but we moved from that address three (3) years ago.

In regards to your situation, there certainly would be an issue on an ineffective assistance of counsel claim for having failed to meet a deadline requirement. The key is going to be determined on the basis of whether your issues have the substantial merit necessary to prove that you were prejudiced. The litigation will have collateral consequences for determining AEDPA application in cases where an attorney failed to file a 2255 and it was not for lack of merit on the issues. This will be a secondary issue.

In regards to your substantive issues, I am sure they will have the appropriate legal standing to be filed in good faith. However, I must tell you that the fees for litigating this are going to be expensive. You are looking at a minimum of $15,000 to begin which includes a trip to visit with you personally. If you do not wish for us to visit with you, the fee can be reduced to $12,500 for the initial filing of the district court pleadings. However, we will need in escrow an additional $3,500 to be used for an evidentiary hearing should one be granted. If the evidentiary hearing is not granted, this $3,500 is applied to the preparation of the Certificate of Appealability. The Certificate of Appealability is filed if the district court denies the relief. If an evidentiary hearing is granted, and still the 2255 is denied, an additional $3,500 is due before we file the

July 20, 1998
Page 2

Certificate of Appealability. We will only file a Notice of Appeal against the denial of the 2255 pro se on your behalf until that $3,500 for the Certificate of Appealability is given. We regret having to charge these fees but as a result of the AEDPA, there are a number of additional steps necessary for successful litigation on 2255s.

If the Certificate of Appealability is granted, and your appeal is given, there is an additional $2,500 due for the completion of the appeal. If oral argument is granted, there are fees for representation at the appellate court. If the case is successful on appeal, and remanded to the district court, any additional representation would require additional fees for that purpose. I know this sound ominous, but it is unfortunately a part of the process of litigating these cases in their entirety.

In preparing a 2255, the following steps are required:

1. The preparation and filing of the 2255 document;

2. The receipt of the government's response;

3. Replying to the government's response;

4. An evidentiary hearing, or receipt of the Magistrate's Findings to the district court judge;

5. The filing of a reply to the Magistrate's Findings;

6. If the district court judge makes favorable findings, then the matter will be returned to the district court for further proceedings. If the court makes a favorable finding, the remaining steps would not apply. However, if the court denies relief, you would have the right to appeal that denial, and the following steps would be applicable.

7. Should the case be denied at the district court level, a Certificate of Appealability is required. This is now a step requirement and must be almost a complete appellate brief in order to get the attention of the court for the purposes of granting a Certificate of Appealability. However, if the Certificate of Appealability is granted, there still is an appellate process requirement.

July 20, 1998
Page 3

8.      To prepare and file the actual appeal, there would be an additional $2,500, plus $2,500 for expenses and time if the appellate court grants oral argument.

These fees do not include any costs for transcripts that are needed in preparing the above-referenced documents.

I think you have a case but I do believe that to litigate it would require the above-referenced steps and fees.  Should you wish to pursue the matter further, please contact me accordingly.

Sincerely,

Marcia G. Shein, Esq.
*Attorney at Law*

MGS/lw

Enclosures:   Package



**SCHAD**

**BUDA**

**COOK**

*Attorneys at Law*

December 1, 1998

Jamal Abu Samak
Reg. # 21826-034
P.O. Box 26030
Beaumont, TX 77720

Dear Mr. Samak,

I am writing to follow up on our conversation yesterday in which we discussed my firms representation of you in your § 2255 litigation. As we discussed, I believe that you have several very good issues which are deserving of consideration by the court in a §2255 motion. As we also discussed, I believe several procedural issues will need to be addressed in your § 2255 to insure that the court will consider the issues raised in your motion. I do believe that based upon your prior attorney's inaction in following through with the §2255 motion in a timely manner, we would be able to argue to the court that equitable reasons would permit you to file a motion in what is now beyond the one year time limit under the 1996 Anti-Terrorism and Effective Death Penalty Act.

Pursuant to our agreement, I am forwarding to you a retainer agreement which I would ask that you sign and return to my office. Upon receiving your signed copy, I will also sign and return a completed retainer agreement for your records. I would ask that before signing, that you carefully review the retainer agreement for the terms of our representation so that you have an understanding of the scope of our representation.

I look forward to representing you in your § 2255 litigation. Please contact us with any questions concerning the issues of your case or retainer agreement.

Yours Sincerely,

Aaron P. Buda

APB:cdc

Enclosure

SCHAD, BUDA, & COOK, LLC