FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 10 AM 7:35

LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATE OF AMERICA** — **CRIMINAL**

**VERSUS** — **NO. 91-189**

**JAMAL ABU SAMAK** — **SECTION "A"**

## TRANSFER ORDER

Defendant, JAMAL ABU SAMAK, has filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 in which he is challenging the constitutionality of his 1991 conviction and sentence. To support his challenge, defendant asserts the following grounds for relief:

1) The district court erred in imposing a life sentence absent a jury's recommendation;

2) He was denied the effective assistance of counsel;

3) The federal district court erred in raising a procedural bar sua sponte when it had not been raised by the State;

4) The indictment was fatally defective because it did not include all essential elements of the offense charged;

5) The indictment failed to contain a plain statement of the essential facts to provide constitutionally adequate notice to defendant of the charges against him;

___ Fee___________
___ Process________
X Dktd__________
✓ CtRmDep________
___ Doc. No________

6) The trial court erred in failing to give advance notice of its upward sentencing departure;

7) The cumulative errors committed require a reversal.

A review of this Court's record reflects that defendant has filed a prior § 2255 motion related to this same conviction and sentence. In that motion, filed December 22, 1999, defendant raised the following grounds for relief:

1) He was denied the effective assistance of counsel during trial and at sentencing;

2) Counsel was ineffective on appeal;

3) Counsel was ineffective when he failed to inform him of the advisability of entering into a plea agreement with the government.

That motion was dismissed as time-barred by Judgment entered May 12, 2000. Defendant appealed that judgment. In December 2000, the Fifth Circuit Court of Appeals denied his request for a certificate of appealability. See R. Doc. No. 230.

The motion presently before the Court is considered to be a second or successive motion as described in 28 U.S.C. §§ 2244 and 2255. In order to overcome the prohibition against the filing of second or successive claims, the defendant must establish that the motion contains one of the following requirements:

1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

2) claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Before the motion can be considered on the merits by this District Court, the defendant must obtain certification from the United States Fifth Circuit Court of Appeals to file this second or successive motion by making a prima facie showing of the above listed requirements to that appellate court as required by § 2255. Until such time as defendant obtains said certification, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that defendant's motion be construed in part as a motion for certification for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this District Court.

New Orleans, Louisiana, this 7th day of April, 2006.

UNITED STATES DISTRICT JUDGE