UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET |
| VERSUS | NO. 91-189 |
| JAMAL ABU SAMAK | SECTION: "E" |

## ORDER AND REASONS

Before the Court is *pro se* Petitioner Jamal Abu Samak's ("Abu Samak") motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 591 of the Sentencing Guidelines.[1] The Government opposes this motion.[2] For the following reasons, Petitioner's motion is **DENIED**.

## BACKGROUND

Abu Samak was convicted in 1991 of conspiring to violate and violating the Organized Crime Control Act of 1970[3] and is currently serving a life sentence. Abu Samak's conviction was affirmed on appeal in 1993.[4] Abu Samak now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 591 to the Sentencing Guidelines.[5]

---

[1] R. Doc. 276.
[2] R. Doc. 280.
[3] *See* 18 U.S.C. § 844(i); 18 U.S.C. § 371. Additionally, because Abu Samak's crimes resulted in a death, he was subjected to the penalty provision of 18 U.S.C. § 34, which provides that "Whoever is convicted of any crime prohibited by this chapter, which has resulted in the death of any person, shall be subject also to the death penalty or to imprisonment for life." 18 U.S.C. § 844(i) contains a similar penalty provision, stating that "if death results to any person, including any public safety officer performing duties as a direct or proximate result of conduct prohibited by this subsection, shall also be subject to imprisonment for any term of years, or to the death penalty or to life imprisonment."
[4] *See United States v. Samak*, 7 F.3d 1196, 1197 (5th Cir. 1993). A full history of Abu Samak's filings and the decisions of various courts in denying relief until 2011 is included in the Government's 2011 response to Samak's motion for relief from judgment under Rule 60(b) of the Federal Rules of Procedure. *See* R. Doc. 264. The Government also provides an analysis of the procedural history, including the period after 2011, in its opposition to this motion. *See* R. Doc. 280, at 4-5.
[5] R. Doc. 276.

1

Petitioner argues that: (1) at sentencing, the Court failed to "take into consideration, when referencing the Statutory Index, that 18 U.S.C. § 844(i) defers to § 34 of the same Title for purpose of sentencing when death resulted as it did in this case;"[6] (2) when the Court calculated his sentence under the Sentencing Guidelines, it only looked to the index for § 844(i), which refers only to Guideline 2K1.4; and (3) the Court failed to look at the index for § 34 which sets forth four separated sections in the Statutory Index, namely: 2A1.1; 2A1.2; 2A1.3; and 2A1.4.[7] According to Petitioner:

> Unlike the Index for 844(i) which only makes reference to one, namely, 2K1.4. [sic] Under the Statutory Index references for § 34 it is made clear for the court that each reference is a guideline application and not merely a guideline range. Therefore, the statutory language is controlling, and in accordance with that language 2A1.2 or lower were the only applicable guideline applications without direction from the jury, which was withheld in this case.[8]

As a result, Petitioner contends that Title 18 of the United States Code Section 3582(c)(2), in conjunction with Amendment 591 to the Sentencing Guidelines, discussed in greater detail below, permits the discretionary modification of his sentence.

In addition, Abu Samak contends that: (1) his sentence was an ex post facto violation because the Court should have used the law at the time of the offense;[9] (2) the Court should consider his rehabilitation efforts;[10] and (3) the Court has independent authority under *Freeman v. United States*, 131 S. Ct. 2685 (2011) to resentence him.[11]

The Government has concluded that Amendment 591 is inapplicable to this case.[12] As a result, the Government maintains that Petitioner's request pursuant to Amendment

---

[6] R. Doc. 283, at 4.
[7] *Id.*
[8] *Id.*
[9] R. Doc. 276, at 11-12.
[10] *Id.* at 12-13.
[11] *Id.* at 13-14.
[12] R. Doc. 280, at 1.

2

591 and other requests for relief are, in reality, a motion for a successive 28 U.S.C. § 2255 petition.[13] As the Petitioner has not received the required Fifth Circuit authorization to file a successive § 2255 petition, the Government argues Abu Samak's petition should be dismissed for absence of jurisdiction.[14]

## LEGAL STANDARD

Title 18 of the United States Code Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in cases in which the sentencing range has been subsequently lowered by the sentencing commission.[15] "Section 3582(c) applies only to retroactive guidelines amendments, as set forth in the guidelines policy statement."[16] Section 1B1.10 of the Sentencing Guidelines specifically lists Amendment 591 as a "Covered Amendment."[17] Nevertheless, "If an amendment 'does not have the effect of lowering the defendant's applicable guideline range,' a sentence reduction is not consistent with § 1B1.10 and is not authorized by § 3582(c)(2)."[18]

## DISCUSSION

I. Does Amendment 591 Apply Only to Cases in Which a Defendant Received a Penalty Enhancement Pursuant to USSG § 2D1.2?

As a threshold inquiry, the Court must determine whether Abu Samak's sentence falls within the coverage of Amendment 591. To the extent the Government argues Amendment 591 does not authorize a reduction in Abu Samak's sentence because it applies only to cases in which a Defendant receives an enhanced penalty under USSG §

---

[13] *Id.*
[14] *Id.* at 10.
[15] *United States v. Issac*, 396 F. App'x 55, 56 (5th Cir. 2010).
[16] *Id.* (citing USSG § 1B1.10(a)).
[17] *See* USSG § 1B1.10(d).
[18] *Id.* (citing USSG § 1B1.10(a); 18 U.S.C. § 3582(c)(2)).

2D1.2, the Court disagrees.[19] Although Amendment 591, which became effective on November 1, 2000, was promulgated to address "a circuit conflict regarding whether the enhanced penalties in § 2D1.2 . . . apply only in a case in which the defendant was convicted of an offense referenced to that guideline or, alternatively, in any case in which the defendant's relevant conduct including drug sales in a protected location or involving a protected individual," it is clear Amendment 591 is not constrained only to cases involving the application of § 2D1.2.[20] In the subsequent paragraph explaining the reasons for the amendment, the Commission noted, "In promulgating this amendment, the Commission also was aware of case law that raises a similar issue regarding selection of" other, non § 2D1.2, Chapter Two guidelines.[21] The Commission then explained that Amendment 591 "modifies §§ 1B1.1(a), 1B1.2(a) and the Statutory Index's introductory commentary to clarify the inter-relationship among these provisions."[22] Had the Commission intended Amendment 591 to apply only to § 2D1.2, the Commission would have amended only § 2D1.2 and not the sections instructing a sentencing court on how to choose the appropriate Chapter Two guideline in any sentencing. In addition, numerous courts have found Amendment 591 applicable in cases outside of the § 2D1.2 context.[23]

---

[19] *See* R. Doc. 280, at 6 n.2 (quoting *United States v. Owens*, 72 F. App'x 200, 201 (5th Cir. 2003) ("Amendment 591 amended the Guidelines to provide that the enhanced penalties of U.S.S.G. § 2D1.2 applied only where a defendant was convicted of an offense referenced to that guideline.")).
[20] *See* USSG App. C., Amendment 591 (Reasons for Amendment) (Supp. Nov. 1, 2000).
[21] *See id.* (referencing case law discussing § 2F1.1 (Fraud and Deceit) and § 2S1.1 (Laundering of Monetary Instruments).
[22] *Id.*
[23] *See, e.g., United States v. Martinez*, 263. F.3d 436, 440 n.2 (5th Cir. 2001); *United States v. Diaz*, 245 F.3d 294, 303 (3d. Cir. 2001); *Poindexter v. United States*, 556 F.3d 87 (2d Cir. 2009); *United States v. Kadlec*, 2015 WL 3504957 (E.D. Wisc. June 3, 2015) *aff'd*, 623 F. App'x 818 (7th Cir. 2015).

II. <u>Did the Sentencing Judge Select the Incorrect Applicable Offense Guideline in Chapter Two for Abu Samak's Statute of Conviction?</u>

Next, the Court must determine whether Amendment 591 applies to Abu Samak's sentencing. "When a § 3582(c)(2) motion is brought under Amendment 591, a defendant is entitled to relief *only* when the [sentencing] court selected 'an offense guideline based on actual conduct not underlying the offense of conviction.'"[24]

As the Third Circuit explained in *United States v. Grecco*, "Prior to Amendment 591, the Guidelines directed sentencing courts to determine the offense guideline 'most' applicable to the offense of conviction and to use the Statutory Index (Appendix A) for 'assist[ance]' in that determination."[25] The *Grecco* clarified that after the Amendment, the sentencing court is required to select the guideline pursuant to the *statute of conviction* and not the guideline most applicable to the *offense of conviction*:

> The Introduction to the Statutory Index reinforced and clarified this directive, stating that "in an atypical case," where "the guideline section indicated for the statute of conviction is inappropriate because of the particular conduct involved, use the guideline section most applicable to the nature of the offense conduct charged in the count of which the defendant was convicted."[26]
>
> Amendment 591 deleted the permissive language quoted above and substituted mandatory language directing the sentencing court to "[r]efer to the Statutory index (Appendix A) to determine the Chapter Two offense guideline, reference in the Statutory Index for the offense of conviction."[27] As [the Third Circuit] noted in *Diaz*, the Sentencing Commission promulgated Amendment 591 to "emphasize that the sentencing court *must apply* the offense guideline reference in the Statutory Index for the statute of conviction."[28]

---

[24] *Kadlec*, 2015 WL 3504957, at *4 (quoting *Rivera* 293 F.3d at 587).
[25] 342 F. App'x 739, 744 (3d Cir. 2009) (alteration in original) (citing USSG §§ 1B1.1(a), 1B1.2(a) (1991); *United States v. Diaz*, 245 F.3d 294 (3d Cir. 2001)).
[26] *Id.* (quoting USSG App. A, intro. (1991); *Diaz*, 245 F.3d at 302).
[27] *Id.* (quoting USSG § 1B1.2(a) (2000); *Diaz*, 245 F.3d at 302; USSG App. C, amend. 591 (Nov. 2000) (deleting permissive language in USSG § 1B1.1(a), USSG § 1B1.2(a), and the Introduction to the Statutory Index))).
[28] *Id.* (quoting *Diaz*, 245 F.3d at 302) (emphasis in original). *See also*, *Diaz*, 254 F.3d at 302 (explaining Amendment 591 amended section 1B1.2(a) "to replace the phrase 'most applicable' with 'applicable' in instruction courts to determine the guideline to be applied to the offense of conviction.'").

Similarly, the Fifth Circuit has explained, "Amendment 591 clarified that a sentencing court should select the applicable offense conduct guideline in Chapter Two of the Guidelines based on only the offense charged in the indictment for which the defendant was convicted (or on an offense stipulated as part of a plea agreement)."[29] Amendment 591 "is clearly limited to the sentencing court's initial selection of an offense guideline."[30] As the *Grecco* court concluded, "Both the structure and purpose of the Amendment support this conclusion, and it is the same conclusion that has been reached by other courts."[31]

In addition, the *Grecco* court provided insightful analysis into scope of analysis permitted by a court addressing a § 3582(c)(2) motion for a sentencing reduction pursuant to Amendment 591:

Similarly, the Fifth Circuit has explained, "Amendment 591 clarified that a sentencing court should select the applicable offense conduct guideline in Chapter Two of the Guidelines based on only the offense charged in the indictment for which the defendant was convicted (or on an offense stipulated as part of a plea agreement)."[29] Amendment 591 "is clearly limited to the sentencing court's initial selection of an offense guideline."[30] As the *Grecco* court concluded, "Both the structure and purpose of the Amendment support this conclusion, and it is the same conclusion that has been reached by other courts."[31]

In addition, the *Grecco* court provided insightful analysis into scope of analysis permitted by a court addressing a § 3582(c)(2) motion for a sentencing reduction pursuant to Amendment 591:

> Instructions for applying the Guidelines appear in USSG § 1B1.1 which prescribes a "sequence of steps" to be taken by the sentencing court in calculating a defendant's guideline range or guideline sentence. Only the first two steps are relevant to this appeal. At the first step in the process, a court determines the applicable offense guideline section in Chapter Two (Offense Conduct) for the defendant's statute of conviction by consulting the Statutory Index (Appendix A). At the second step, described in USSG § 1B1.1(b), the court determines the base offense level and applies any appropriate section specific offense characteristics, *cross references*, and special instructions contained in the particular guideline in Chapter Two in the order listed. For step two, a court may consider relevant conduct, as defined by USSG § 1B1.3, unless otherwise specified by the Guidelines.
>
> Amendment 591 revised USSG § 1B1.1(a), USSG § 1B1.2(a), Application Note 1 to USSG § 1B1.2, and the Introduction to the Statutory Index. All of these changes concern the first step in the guidelines application process. Amendment 591 did not modify USSG § 1B1.1(b) (describing step two), USSG §1B1.2(b) (authorizing the use of relevant conduct after step one), or USSG §1B1.3 (defining relevant conduct). Thus, although Amendment 591

---

[29] *United States v. Patel*, 481 F. App'x 906, 907 (5th Cir. 2012) (citing USSG APP. C, 591, at 29-32 (Supp. Nov. 1, 2001)).
[30] *Grecco*, 342 F. App'x 745.
[31] *Id.* (citing *United States v. Hurley*, 374 F.3d 38, 40 (1st Cir. 2004); *United States v. Rivera*, 293 F.3d 584, 586-87 (2d Cir. 2002)).

6

> removed the permissive language that gave sentencing courts some flexibility in selecting offense guidelines based on relevant conduct at step one, it did not invalidate the use of relevant conduct for other steps in the guidelines calculation process. . . At no point does the Commission suggest that Amendment 591 affects, much less invalidates, the application of cross references based on a court's relevant conduct findings.[32]

As a result, for this Court to have jurisdiction to grant the relief requested in Abu Samak's 3582(c)(2) motion, it would have to find that Amendment 591 applies to his sentencing. Amendment 591 applies only if (1) the sentencing judge, if viewed through amended standards, improperly selected the incorrect applicable offense guideline section in Chapter Two for Abu Samak's statue of conviction; and (2) under Amendment 591, Abu Samak would have been subject to a shorter guideline range. Only then, would this Court have jurisdiction to exercise its discretion as to whether or not Abu Samak is entitled to an amended sentence.[33]

Abu Samak argues that at sentencing, the court failed to take into consideration, when referencing the Statutory Index, that 18 U.S.C. § 844(i) defers to § 34 of the Title 18 for the purposes of sentencing when death resulted, as it did in this case.[34] According to Abu Samak, the sentencing judge only examined the guidelines pursuant to § 844(i) and not § 34. Abu Samak argues the guidelines pursuant § 844(i) appear to mandate a life sentence when death results whereas the guidelines pursuant to § 34 provides the sentencing judge with various guideline ranges.[35]

Title 18, United States Code, Section 844(i) is governed by § 2K1.4 of the Sentencing Guidelines which instructs that "[i]f death resulted, or the offense was

---

[32] *Id.* at 746 (internal citations and quotations omitted) (emphasis in original).
[33] After a district court determines it has jurisdiction over a § 3582(c)(2) claim, "the court may reduce the term of imprisonment, after considering the factors set forth in section § 3553(a) to the extent they are applicable." 18 U.S.C. § 3582(c)(2).
[34] R. Doc. 283, at 4.
[35] *See id.* at 5.

7

intended to cause death or serious bodily injury, apply the most analogous guideline from Chapter Two, Part A."[36] Because death resulted during the perpetration of arson, the PSR identified the most analogous guideline was USSG § 2A1.1 for first degree murder.[37] However, as Petitioner argues, the sentencing judge should have instead examined the guideline sections governing § 34.[38] Whereas the Statutory Index for § 844(i) directs the court to § 2K1.4, the Statutory Index for § 34 directs the court to four separate sections, namely: 2A1.1; 2A1.2; 2A1.3; and 2A1.4.[39] Rooted in this argument is the contention, previously raised by the Petitioner on numerous occasions, including in his motion to vacate pursuant to 28 U.S.C. § 2255 petition,[40] that at the time, § 34 functioned to deny the sentencer, in the absence of a jury recommendation, the power to impose a life sentence.[41] As § 34 at the time required a jury to determine whether Abu Samak would be imprisoned for life, Abu Samak argues the statute mandates only guidelines §§ 2A1.2, 2A1.3 or 2A1.4 were the applicable guideline sections for his sentencing.[42] As a result, Abu Samak argues his "sentence under § 2A1.2 would yield a [Base Offense] Level of 33, adding the two points that Petitioner received for obstruction of justice, the new guideline range would be 35 with a criminal history category III."[43] Ultimately, Abu Samak

---

[36] USSG § 2K1.4(c)(1) (1991); *see also* R. Doc. 280-3, at 1.
[37] *See* R. Doc. 276-3, at ¶¶ 32-33.
[38] *See* R. Doc. 283, at 3-4.
[39] *See* USSG App. A, at 387 (Supp. Nov. 1, 1991)).
[40] *See* R. Doc. 212.
[41] *See United States v. Williams,* 775 F.2d 1295, 1299 (5th Cir. 1985) (pre-sentencing guidelines case holding that the combination of sections 844(i) and 34 meant that the defendant could be sentenced by a district court only to "any term of years" and not to life imprisonment absent a jury recommendation); *see also United States v. Samak*, 2000 WL 557331, at *4 (E.D. La. May 4, 2000) (discussing the issue raised by Petitioner) (citing *Williams*, 775 F.2d at 1299; *United States v. Gullett*, 75 F.3d 941, 949 (4th Cir. 1996); *United States v. Prevatte*, 16 F.3d 767 (7th Cir. 1994)).
[42] R. Doc. 283, at 4.
[43] *Id.* at 5.

maintains that his guideline sentence range should have been 210-262 months as opposed to recommended term of life imprisonment.[44]

First, as stated above, Amendment 591 does not implicate the application of cross references based on a court's relevant conduct findings.[45] As a result, review of the sentencing court's decision to apply § 2A1.1 as directed by § 2K1.4 is not within the permissible scope of this Court's review. Second, neither does Samak find relief by virtue of his argument that the sentencing court failed to identify the proper Chapter Two guideline when it failed to look to the Statutory Index for § 34. Assuming Samak's argument is correct, it is clear that even if the sentencing court had looked to guidelines applicable to § 34, it would have applied § 2A1.1. Although § 34 barred the imposition of a life sentence in the absence of a jury recommendation, the sentencing court would have still selected § 2A1.1 as the analogous guideline.[46] Stated differently, contrary to the Petitioner's contention, a statutory restriction on the guideline recommendation pursuant to § 2A1.1 does not mean the sentencing court was required to apply §§ 2A1.2, 2A1.3 or 2A1.4. Other courts have already rejected this argument involving the same statutes.[47] As a result, even if the sentencing court incorrectly calculated the Defendant's guideline range by not properly applying the statutory constrictions, Amendment 591 provides no possible source of relief as the amendment would not have impacted the sentencing court's identification of the applicable guideline.

---

[44] *Id.*
[45] *See, Grecco*, 342 F. App'x at 746.
[46] *See, e.g., United States v. Soy*, 413 F.3d 594, at 598-600 (7th Cir. 2005) (Companion case to *Prevatte*, 16.F3d 767, Rejecting defendant's argument that if the statute forbids a life sentence, the sentencing court must apply U.S.S.G. § 2A1.2's guideline range. The court explained that even in the absence of a jury recommendation for a life sentence, the analogous guideline for a conviction of § 844(i) and § 34 in which death results is U.S.S.G. § 2A1.1. The Seventh Circuit, however, recognized that the sentencing court, pursuant to U.S.S.G § 5G1.2 apply a restricted guideline).
[47] *See id.*

maintains that his guideline sentence range should have been 210-262 months as opposed to recommended term of life imprisonment.[44]

First, as stated above, Amendment 591 does not implicate the application of cross references based on a court's relevant conduct findings.[45] As a result, review of the sentencing court's decision to apply § 2A1.1 as directed by § 2K1.4 is not within the permissible scope of this Court's review. Second, neither does Samak find relief by virtue of his argument that the sentencing court failed to identify the proper Chapter Two guideline when it failed to look to the Statutory Index for § 34. Assuming Samak's argument is correct, it is clear that even if the sentencing court had looked to guidelines applicable to § 34, it would have applied § 2A1.1. Although § 34 barred the imposition of a life sentence in the absence of a jury recommendation, the sentencing court would have still selected § 2A1.1 as the analogous guideline.[46] Stated differently, contrary to the Petitioner's contention, a statutory restriction on the guideline recommendation pursuant to § 2A1.1 does not mean the sentencing court was required to apply §§ 2A1.2, 2A1.3 or 2A1.4. Other courts have already rejected this argument involving the same statutes.[47] As a result, even if the sentencing court incorrectly calculated the Defendant's guideline range by not properly applying the statutory constrictions, Amendment 591 provides no possible source of relief as the amendment would not have impacted the sentencing court's identification of the applicable guideline.

---

[44] *Id.*
[45] *See, Grecco*, 342 F. App'x at 746.
[46] *See, e.g., United States v. Soy*, 413 F.3d 594, at 598-600 (7th Cir. 2005) (Companion case to *Prevatte*, 16.F3d 767, Rejecting defendant's argument that if the statute forbids a life sentence, the sentencing court must apply U.S.S.G. § 2A1.2's guideline range. The court explained that even in the absence of a jury recommendation for a life sentence, the analogous guideline for a conviction of § 844(i) and § 34 in which death results is U.S.S.G. § 2A1.1. The Seventh Circuit, however, recognized that the sentencing court, pursuant to U.S.S.G § 5G1.2 apply a restricted guideline).
[47] *See id.*

If a court determines the sentencing court correctly selected the appropriate guideline offense for the statute of conviction under the Statutory Index, "the Amendment 591 analysis stops there."[48] The Court finds Amendment 591 does not apply to Abu Samak's sentencing because the sentencing court correctly selected the correct offense guideline based on the statute of Petitioner's conviction. Both before and after the promulgation of Amendment 591, a sentencing court, when dealing with a defendant convicted of violating § 844(i), properly would have selected § 2K1.4 as the appropriate guideline.[49] In Abu Samak's case, the Court used the offense of conviction, 18 U.S.C. § 844(i), to select the corresponding, and still correct, offense guideline in the Statutory Index, § 2K1.4.[50] "That is all the defendant is entitled to under Amendment 591 – nothing more."[51]

To the extent Abu Samak argues the sentencing court failed to look at the Statutory Index for 18 U.S.C. § 34, the Court finds Abu Samak's argument is without merit. In order for the Court to have jurisdiction to hear a motion pursuant to 18 U.S.C. § 3582(c)(2), the Petitioner must demonstrate that the applicable amendment, in this case Amendment 591, has the effect of lowering his applicable guideline range.[52] Contrary to Petitioner's argument that § 34, in the absence of a jury recommendation, mandated sentencing pursuant to only guideline § 2A1.2 or lower, § 2A1.1, the guideline that applies when death results from the commission of certain felonies such as arson, was clearly the appropriate and correct guideline. Whether the sentencing judge applied USSG § 2A1.1 as a result of

---

[48] *Grecco*, 342 F. App'x at 746.
[49] *See id.*
[50] *See* R. Doc. 280-1, at 5 (USSG App. A., Statutory Index (Supp. Nov. 1, 1991).
[51] *Kadlec*, 2015 WL 3504957, at *4 (citing *United States v. Grecco*, 342 F. App'x 739, 746 (3d Cir. 2009)).
[52] *See* USSG § 1B1.10(d).

10

applying the guidelines pursuant to 18 U.S.C. § 844(i) or 18 U.S.C. § 34 is of no consequence for Petitioner's motion.

Further, as the Government correctly identifies, "Samak has cited no other retroactive guideline that would lower his sentence but rather reiterates his argument that the Court did not have authority to sentence him to life imprisonment 'under the law in effect at that time.'"[53] As this Court already observed when deciding Samak's previous motion to reduce his sentence:

> The Court's research has not revealed any amendment to the Guidelines that limits the maximum sentence for a violation of 18 U.S.C. § 841(i) in the way Abu Samak argues. Indeed, violations of this section are sentenced under § 2K1.4, which instructs that if death resulted, or the offense was intended to cause death or serious bodily injury, apply the most analogous guideline from Chapter Two, Part A. Because Abu Samak's violation resulted in a death, the most analogous guideline is the first degree murder guideline: § 2A1.1. Application Note 1 to § 2A1.1 provides that life imprisonment is the appropriate sentence if a sentence of death is not imposed on an offender sentenced under that section. Likewise, the Sentencing Commission's Sentencing Table lists only "life" as an appropriate sentence for an offender who committed an offense with an Offense Level of 43 and a Criminal History Category of III. Further, because none of the amendments listed in § 1B1.10(c) applies to the crimes for which Abu Samak was convicted, it would be inconsistent with the Sentencing Commission's policy statements to make a retroactive change to Abu Samak's sentence. Because the policy statements do not call for the reduction of Abu Samak's sentence, this Court need not consider the factors of 3553(a). Abu Samak is not entitled to a reduction in his sentence under § 3582(c)(2).[54]

As a result, Abu Samak does not have a viable motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and this Court must deny his motion for lack of jurisdiction.[55]

   III.   Is Petitioner's Motion a Successive § 2255 Motion?

---

[53] *Id.* at 8 (quoting R. Doc. 276, at 4-5).
[54] *United States v. Samak*, 2012 WL 5507287, at *3 (E.D. La. Nov. 14, 2012).
[55] *See, e.g.*, *United States v. Hargrove*, 54 F. App'x 796 (5th Cir. 2002).

11

Abu Samak also contends that (1) his sentence was an ex post facto violation because the Court should have used the law at the time of the offense,[56] (2) the Court should consider his rehabilitation efforts,[57] and (3) the Court has independent authority under *Freeman v. United States*, 131 S. Ct. 2685 (2011) to resentence him.[58] As the Government correctly identifies, these arguments provide no possible source of relief, and "[a]t best, Samak's claims are successive claims for relief under § 2255 for which he has not received Fifth Circuit authorization."[59] This Court previously addressed a similar issue in its Order[60] denying Petitioner's motion to reduce his sentence.[61] Similarly to his earlier motion to reduce his sentence, Abu Samak's motion does not state he is seeking relief under § 2255 but, because the grounds upon which his motion is based are unclear, the Court will address whether he would be entitled to the relief he seeks by way of § 2255.[62] As was the case with Petitioner's previous motion to reduce his sentence,[63] "If Abu Samak's motion to reduce sentence is construed as a § 2255 motion, it is a 'successive' § 2255 motion, and because Abu Samak never sought the authorization of the Fifth Circuit to file such a motion, this Court would have no jurisdiction to consider it."[64] Accordingly, to the extent Abu Samak's motion seeks relief under § 2255, it must be dismissed.

## CONCLUSION

---

[56] R. Doc. 276, at 11-12.
[57] *Id.* at 12-13.
[58] *Id.* at 13-14.
[59] R. Doc. 280, at 9.
[60] *See Samak*, 2012 WL 5507287, at *4.
[61] R. Doc. 269.
[62] *See id.*
[63] R. Doc. 269.
[64] *Samak*, 2012 WL 5507287, at *4 (internal citations omitted).

Accordingly;

**IT IS ORDERED** that Abu Samak's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 591 to the Sentencing Guidelines[65] is hereby **DENIED**.

**New Orleans, Louisiana, this 9th day of January, 2017.**

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**SUSIE MORGAN**
　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[65] R. Doc. 276.