# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET |
| VERSUS | NO. 91-189 |
| JAMAL ABU SAMAK | SECTION: "E" |

## ORDER AND REASONS

Before the Court is a motion for reconsideration, filed by *pro se* Petitioner Jamal Abu Samak ("Abu Samak") pursuant to Rule 59(e) of the Federal Rules of Civil Procedure,[1] moving this Court to reconsider its ruling of March 26, 2019, which denied Abu Samak's motion to vacate under Rule 60(b) of the Federal Rules of Civil Procedure.[2] For the reasons that follow, the Court **GRANTS** reconsideration under Rule 59(e), **VACATES** its Order of March 26, 2019,[3] and **DENIES** Abu Samak's Rule 60(b) motion to vacate.[4]

## BACKGROUND

Abu Samak was convicted in 1991[5] of conspiring to violate and violating the Organized Crime Control Act of 1970.[6] He is currently serving a life sentence.[7] Abu Samak's conviction was affirmed on appeal in 1993.[8]

---

[1] R. Doc. 298.
[2] R. Doc. 296.
[3] *Id.*
[4] R. Doc. 294.
[5] R. Doc. 250.
[6] *See* 18 U.S.C. § 844(i); 18 U.S.C. § 371. Additionally, because Abu Samak's crimes resulted in a death, he was subjected to the penalty provision of 18 U.S.C. § 34, which provides that "Whoever is convicted of any crime prohibited by this chapter, which has resulted in the death of any person, shall be subject also to the death penalty or to imprisonment for life." 18 U.S.C. § 844(i) contains a similar penalty provision, stating that "if death results to any person, including any public safety officer performing duties as a direct or proximate result of conduct prohibited by this subsection, shall also be subject to imprisonment for any term of years, or to the death penalty or to life imprisonment."
[7] R. Doc. 250.
[8] *See United States v. Samak*, 7 F.3d 1196, 1197 (5th Cir. 1993). A full history of Abu Samak's filings and the decisions of various courts in denying relief until 2011 is included in the Government's 2011 response to

1

On January 19, 2000, Abu Samak filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.[9] On May 4, 2000, the Court denied his motion as untimely.[10] The Court entered judgment on Abu Samak's § 2255 motion and denied Abu Samak's motion for a certificate of appealability.[11] The Fifth Circuit also denied him a certificate of appealability.[12]

On March 29, 2006, Abu Samak filed another motion to vacate under 28 U.S.C. § 2255.[13] The motion was transferred to the Fifth Circuit for determination of whether Abu Samak was allowed to file a successive § 2255 motion.[14] The Fifth Circuit sent Abu Samak a letter instructing him to file a motion for authorization to proceed.[15] Abu Samak failed to do so. The Fifth Circuit denied authorization to file a successive § 2255 motion.[16]

On August 25, 2008, Abu Samak filed a motion styled as a motion for a writ of error coram nobis,[17] which the Court construed as a motion for certification to consider a successive § 2255 claim and transferred to the Fifth Circuit.[18] The Fifth Circuit sent Abu Samak another letter instructing him to file a motion for authorization to proceed[19] and denied the motion when Abu Samak failed to do so.[20]

---

Samak's motion for relief from judgment under Rule 60(b) of the Federal Rules of Procedure. *See* R. Doc. 264. The Government also provides an analysis of the procedural history, including the period after 2011, in R. Doc. 280 at 4–5.
[9] R. Doc. 212.
[10] R. Doc. 222.
[11] R. Docs. 224, 227.
[12] R. Doc. 230.
[13] R. Doc. 231.
[14] R. Doc. 232.
[15] R. Doc. 233.
[16] R. Doc. 236.
[17] R. Doc. 237.
[18] R. Doc. 239.
[19] R. Doc. 253.
[20] R. Doc. 254.

On March 8, 2010, Abu Samak filed, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a motion to vacate[21] the Court's order of May 4, 2000 denying his initial § 2255 motion.[22] He argued he was entitled to equitable tolling of the limitations period.[23] The Court construed the motion as a motion for authorization to file a successive § 2255 motion and transferred it to the Fifth Circuit.[24] The Fifth Circuit found that, because the motion challenged the application of a statute of limitations, it should not have been construed as a successive § 2255 motion, and authorization from the Fifth Circuit was not needed.[25] After remand to this Court for consideration as a Rule 60(b) motion, the Government filed a response to the motion to vacate,[26] and Abu Samak filed a reply.[27] On December 7, 2011, this Court found equitable tolling of the limitations period was not justified because Abu Samak failed to exercise due diligence after discovering alleged attorney misconduct.[28] The Court denied Abu Samak's Rule 60(b) motion.[29] The Court entered judgment on the motion[30] and denied Abu Samak's request for a certificate of appealability.[31] Abu Samak filed a Notice of Appeal,[32] which the Fifth Circuit dismissed as untimely.[33]

---

[21] R. Doc. 248.
[22] R. Doc. 222.
[23] R. Doc. 248.
[24] R. Doc. 251.
[25] R. Doc. 256.
[26] R. Doc. 264.
[27] R. Doc. 265.
[28] R. Doc. 266 at 8–11.
[29] *Id.*
[30] R. Doc. 267.
[31] R. Doc. 268.
[32] R. Doc. 271.
[33] R. Doc. 274.

On July 2, 2014, Abu Samak filed a motion for retroactive application of the Sentencing Guidelines.[34] On January 9, 2017, this Court denied his motion.[35] On January 26, 2018, the Fifth Circuit affirmed this Court's order.[36]

On February 12, 2019, Abu Samak filed a Rule 60(b) motion to vacate the order denying his § 2255 motion.[37] On March 26, 2019, the Court stated the motion "appear[ed] to challenge the Fifth Circuit order" of January 26, 2018 and denied the motion.[38] In the instant motion,[39] Abu Samak moves, under Rule 59(e), for reconsideration of the Court's Order of March 26, 2019.[40] He states that his motion of February 12, 2019[41] actually sought to vacate the Court's denial of his first § 2255 motion on May 4, 2000.[42]

## LAW AND ANALYSIS

### I. Under Rule 59(e), the Court grants reconsideration of its Order of March 26, 2019.

Rule 12 of the Rules Governing Section 2255 Cases states, "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."[43] A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure[44] "must clearly establish either a manifest error of

---

[34] R. Doc. 276.
[35] R. Doc. 284.
[36] R. Doc. 292.
[37] R. Doc. 294.
[38] R. Doc. 296.
[39] R. Doc. 298.
[40] R. Doc. 296.
[41] R. Doc. 294.
[42] R. Doc. 222.
[43] SEC. 2255 R. 12.
[44] Although the Federal Rules of Criminal Procedure do not contemplate motions for reconsideration, "[a] motion for reconsideration in a criminal proceeding is a legitimate procedural device." *United States v. Thompson*, 79 F. App'x 22, 23 (5th Cir. 2003) (citing *United States v. Cook*, 670 F.2d 46, 48 (5th Cir.1982)). For such motions, courts have applied the same legal standard for motions for reconsideration in civil cases. *See, e.g.*, *United States v. Staggers*, No. CR 16-36, 2018 WL 4909912, at *8 (E.D. La. Oct. 10, 2018); *United States v. Perez*, No. 04-CV-3958, 2010 WL 2766860, at *2 (E.D. Pa. July 9, 2010) ("Absent specific guidance

4

law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[45] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[46] "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." [47] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[48]

In deciding motions under the Rule 59(e) standard, the courts in this district have considered the following factors:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
(2) whether the movant presents new evidence;
(3) whether the motion is necessary in order to prevent manifest injustice; and
(4) whether the motion is justified by an intervening change in the controlling law.[49]

The Court based its ruling of March 26, 2019[50] on the assumption that Abu Samak wished to challenge the Fifth Circuit's ruling of January 26, 2018. [51] In the instant

---

under the criminal procedural rules, the Court looks to the jurisprudence of Federal Rule of Civil Procedure 59(e) in considering [the defendant]'s motion.").

[45] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir.2003) (citations omitted) (internal quotation marks omitted).

[46] *Lacoste v. Pilgrim Int'l*, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

[47] *Templet,* 367 F.3d at 479.

[48] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012) (Brown, J.).

[49] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. CIV.A. 09-4369 R, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.). The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.

[50] R. Doc. 296.

[51] R. Doc. 292.

motion,[52] Abu Samak clarifies that his motion of February 12, 2019[53] actually challenged the Court's denial of his first § 2255 motion on May 4, 2000.[54] To the extent the Court assumed Abu Samak wished to challenge the Fifth Circuit's ruling of January 26, 2018, the Court's ruling was based on a manifest error of fact, under Rule 59(e)(1). As a result, the Court grants reconsideration of its ruling of March 26, 2019.[55]

## II. Abu Samak's Rule 60(b) motion is not a successive § 2255 petition.

The Court turns to Abu Samak's motion to vacate the Court's ruling of May 4, 2000 pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[56] The Court first addresses whether Abu Samak's motion, brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is a second or successive motion over which it does not have jurisdiction. Under 28 U.S.C. § 2244(b), "[a] claim presented in a second or successive habeas corpus application" must be dismissed unless the second or successive habeas petition was authorized by the Fifth Circuit.[57]

Generally, "Rule 60(b) motions seeking to amend or alter the judgment of a first habeas proceeding 'should be construed as successive habeas petitions.'"[58] However, in *Gonzalez v. Crosby*, the Supreme Court stated that a Rule 60(b) motion challenging the denial of a previous § 2255 motion should not be construed as a successive petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," such as a statute-of-

---

[52] R. Doc. 298.
[53] R. Doc. 294.
[54] R. Doc. 222.
[55] R. Doc. 296.
[56] R. Doc. 294.
[57] 28 U.S.C.A. § 2244(b).
[58] *Hess v. Cockrell*, 281 F.3d 212, 214–15 (5th Cir. 2002) (quoting *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir.1999)).

6

limitations bar.[59] Abu Samak challenges the Court's finding that equitable tolling does not apply in its order of May 4, 2000. As a result, the Court does not construe his motion as a successive motion under § 2255. The Court has jurisdiction over Abu Samak's Rule 60(b) motion.

### III. The Court denies Abu Samak's Rule 60(b) motion.

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may grant relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[60]

In his motion to vacate,[61] Abu Samak states that, in his initial § 2255 motion,[62] his counsel raised a claim of actual innocence. He cites *McQuiggin v. Perkins*, in which the Supreme Court held that "a habeas petitioner asserting a credible claim of actual innocence may overcome [the] statute of limitations" in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").[63] He then argues, "Equitable tolling applied to this movant because movant has demonstrated due diligence by presenting credible claims of his actual innocence. Equitable tolling may be warranted if [an] attorney deceives the

---

[59] 545 U.S. 524, 532 (2005); *see also Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012).
[60] FED. R. CIV. P. 60(b).
[61] R. Doc. 294.
[62] R. Doc. 212.
[63] 569 U.S. 383, 398 (2013).

movant into believing that his 2255 motion were [*sic*] timely filed."[64] He cites *United States v. Wynn*, in which the Fifth Circuit held equitable tolling of AEDPA's one-year limitations period was justified when an attorney deceived a prisoner into believing he had filed a § 2255 motion on his behalf.[65] Abu Samak argues that his situation is identical to the situation of the defendant in *Wynn*.[66]

### A. To the extent Abu Samak argues his attorney's deception entitles him to equitable tolling, the Court already has rejected his argument.

To the extent Abu Samak brings his Rule 60(b) motion on the ground that his attorney's deception entitles him to equitable tolling of AEDPA's limitations period, the Court notes he brought the same argument in his motion to vacate of March 8, 2010.[67] The Court addressed that argument in its order of December 7, 2011.[68] In that order, the Court found Abu Samak failed to exercise due diligence after discovering alleged attorney misconduct.[69] Abu Samak has not moved the Court to reconsider its ruling of December 7, 2011.

"The law-of-the-case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case."[70] Although "the law of the case doctrine is discretionary,"[71] this Court finds no reason to revisit the ruling of December 7, 2011.[72] As the Court explained in its prior

---

[64] R. Doc. 294 at 2.
[65] 292 F.3d 226 (5th Cir. 2002).
[66] R. Doc. 294 at 2.
[67] R. Doc. 248.
[68] R. Doc. 266.
[69] *Id.* at 8–11.
[70] *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) (quoting *United States v. Castillo,* 179 F.3d 321, 326 (5th Cir.1999), *rev'd on other grounds by Castillo v. United States*, 530 U.S. 120 (2000)) (internal quotation marks omitted).
[71] *United States v. Garza*, 624 F. App'x 208, 211 (5th Cir. 2015) (*United States v. Agofsky,* 516 F.3d 280, 283 (5th Cir. 2008)).
[72] R. Doc. 266.

8

ruling, Abu Samak failed to exercise due diligence, and, as a result, he is not entitled to equitable tolling of AEDPA's limitations period on the ground that his attorney deceived him. The Court denied Abu Samak's request for a certificate of appealability,[73] and Abu Samak failed to file a timely Notice of Appeal.[74]

> **B.** **To the extent Abu Samak argues he is entitled to equitable tolling of the limitations period because he raises a claim of actual innocence, he fails to make the requisite showing.**

Under *McQuiggin*, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief."[75] In his motion to vacate, Abu Samak presents no evidence of actual innocence.[76] He merely states that, in his initial § 2255 motion, "counsel raised [a] claim of his actual innocence."[77]

In the initial habeas petition, filed on January 19, 2000, Abu Samak's counsel raised (1) claims of ineffective assistance of counsel during trial and at sentencing, (2) ineffective assistance of appellate counsel, (3) ineffective assistance of trial counsel in connection with trial counsel's failure to advise him about potential plea offers, and (4) admission of illegally-obtained testimony.[78] Counsel in the initial habeas petition did *not* raise the argument that Abu Samak was actually innocent. As a result, Abu Samak has failed to make any showing of actual innocence. To the extent Abu Samak brings his Rule 60(b) motion on the ground that he has made a credible showing of actual innocence sufficient to justify equitable tolling of the limitations period, the Court denies his motion.

---

[73] R. Doc. 268.
[74] R. Doc. 274.
[75] 569 U.S. at 392.
[76] R. Doc. 294.
[77] *Id.* at 1–2.
[78] R. Doc. 212 at 7–30.

9

### C. Abu Samak's Rule 60 motion is untimely.

Under Rule 60(c)(1), "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[79] "[W]hat constitutes a 'reasonable' time is fact sensitive and takes into account the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties."[80]

Abu Samak challenges the Court's order of May 4, 2000,[81] which was entered over 18 years before he filed his motion to vacate. He also challenges the Court's order of December 7, 2011,[82] entered over eight years before his motion to vacate. The Supreme Court decided *McQuiggin* on May 28, 2013,[83] over five years before Abu Samak's current motion.

Abu Samak alleges no facts justifying the delay in filing his Rule 60(b) motion.[84] He has alleged no facts showing any external impediment prevented him from filing. Abu Samak's motion was not filed within a reasonable time, as required by Rule 60.[85] As a result, the Court denies Abu Samak's motion to vacate the Court's order of May 4, 2000.

---

[79] FED. R. CIV. P. 60(c).
[80] *Legion Ins. Co. v. Mega Interests Inc.*, 78 F. App'x 945, 946 (5th Cir. 2003) (unpublished) (citing *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1410 (5th Cir.1994)).
[81] R. Doc. 222.
[82] R. Doc. 266.
[83] 569 U.S. at 393.
[84] *See Deroven v. Stephens*, No. SA-09-CA-162-XR, 2015 WL 2384491, at *3 (W.D. Tex. May 19, 2015) (finding untimely a Rule 60(b) motion challenging a denial of a § 2255 motion based on *McQuiggin* because the motion was filed "almost two years after the Supreme Court handed down its decision in *McQuiggin*").
[85] *United States v. Green*, 348 F. App'x 917, 918 (5th Cir. 2009) (unpublished) (finding untimely a Rule 60(b) motion challenging a denial of a § 2255 motion because it was filed "nearly 18 months after entry of the final judgment in the § 2255 case").

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion for reconsideration, filed by *pro se* Petitioner Jamal Abu Samak pursuant to Rule 59(e) of the Federal Rules of Civil Procedure,[86] which requests reconsideration of the Court's Order of March 26, 2019,[87] be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's Order of March 26, 2019 be and hereby is **VACATED**.[88]

**IT IS FURTHER ORDERED** that the motion to vacate, filed by Abu Samak pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,[89] which requests relief from the Court's order of May 4, 2000,[90] be and hereby is **DENIED**.

**New Orleans, Louisiana, this 8th day of May, 2019.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[86] R. Doc. 298.
[87] R. Doc. 296.
[88] *Id.*
[89] R. Doc. 294.
[90] R. Doc. 222.

11