UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 91-189 |
| JAMAL ABU SAMAK, ET AL. | SECTION "E" |

### ORDER AND REASONS

Before the Court is a motion requesting a sentence reduction and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Petitioner Jamal Abu Samak.[1] For the reasons that follow, Petitioner's request is **DENIED WITHOUT PREJUDICE**.

### BACKGROUND

Petitioner Abu Samak was convicted in 1991[2] of conspiring to violate and violating the Organized Crime Control Act of 1970.[3] He is currently serving a life sentence.[4] Abu Samak's conviction was affirmed on appeal in 1993.[5] Abu Samak has made various unsuccessful challenges to his conviction and sentence.[6] On July 11, 2019, prior to the outbreak of COVID-19, the Court granted Abu Samak's request for appointment of counsel to assist him with preparing a motion for compassionate release.[7] Ten months later, on May 1, 2020, appointed counsel filed the instant motion.[8]

---

[1] R. Doc. 308. The Government filed an opposition. R. Doc. 314.
[2] R. Doc. 250.
[3] *See* 18 U.S.C. § 844(i); 18 U.S.C. § 371. Additionally, because Abu Samak's crimes resulted in a death, he was subjected to the penalty provision of 18 U.S.C. § 34, which provides that "Whoever is convicted of any crime prohibited by this chapter, which has resulted in the death of any person, shall be subject also to the death penalty or to imprisonment for life." 18 U.S.C. § 844(i) contains a similar penalty provision, stating that "if death results to any person, including any public safety officer performing duties as a direct or proximate result of conduct prohibited by this subsection, shall also be subject to imprisonment for any term of years, or to the death penalty or to life imprisonment."
[4] R. Doc. 250.
[5] *See United States v. Samak*, 7 F.3d 1196, 1197 (5th Cir. 1993).
[6] R. Doc. 299, at 2–3.
[7] Rec. Doc. 305.
[8] Rec. Doc. 308.

**LAW AND ANALYSIS**

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."[9] Finality is an important attribute of criminal judgments and is "essential to the operation of our criminal justice system."[10] Consistent with the principle of finality, 18 U.S.C. § 3582(c) provides courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[11]

As relevant in this case, 18 U.S.C. § 3582(c)(1)(A)(i) provides courts may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction."[12] However, courts may only consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons if the exhaustion requirements of § 3582(c)(1)(A) are met. Specifically, § 3582(c)(1)(A) mandates courts may only consider such motions "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[13] With respect to the option for the motion to be brought by the defendant, "[c]ourts have recognized [this option] impose[s] a mandatory requirement that a defendant submit a request to the warden of her facility before filing in court."[14]

---

[9] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b) (brackets in original).
[10] *Teague v. Lane*, 489 U.S. 288, 309 (1989) (plurality opinion).
[11] 18 U.S.C. § 3582(c).
[12] *Id.* § 3582(c)(1)(A).
[13] *Id.*
[14] *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *2 (D. Ariz. Nov. 8, 2019) (citing *United States v. Solis*, No. CR 16-015-CG-MU, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019) (denying request because defendant did not request compassionate release from Bureau of Prisons); *United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019)).

Section 3582(c)(1)(A)'s exhaustion requirement is mandatory and does not enumerate any exceptions.[15]

In this case, the Bureau of Prisons has not filed a motion to reduce Petitioner's sentence. As a result, the Court considers Petitioner's instant motion seeking immediate release or home confinement only if either (A) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (B) "30 days [have lapsed] from the receipt of [a defendant's request to bring a motion] by the warden of the defendant's facility."[16] Petitioner fails to make the requisite showing that either (A) he has made any attempt to fully exhaust "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" or (B) he has made any such request to "the warden of [Petitioner's] facility."[17]

Petitioner attempts to make such a showing that he has exhausted his administrative remedies by arguing his prior requests to the Warden from 2017 and 2018 qualify as requests that permit him to bring the instant motion.[18] The Court disagrees. For a petitioner's request to the warden to exhaust administrative remedies in accordance with § 3582(c)(1)(A), the request must be premised on the same facts alleged in the corresponding motion filed with the court.[19] Petitioner's instant motion cannot be based

---

[15] *United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020).
[16] 18 U.S.C. § 3582(c)(1)(A).
[17] 18 U.S.C. § 3582(c)(1)(A).
[18] R. Doc. 308-1, at 6.
[19] *See United States v. Walls*, No. 92-CR-80236, 2020 WL 1934963, at *3 (E.D. Mich. Apr. 22, 2020) (holding that the court is prohibited from entertaining a compassionate release motion premised, in part, upon the health risks posed to him due to COVID-19 "because the defendant has not exhausted the administrative remedies . . . Even if the defendant had exhausted the administrative remedies in earlier years, that filing predated both the COVID-19 crisis and the new directives under which the Bureau of Prisons is now operating in response to the pandemic. It did not address the combination of the COVID-19 pandemic and his various ailments.").

on the same facts alleged in his 2017 and 2018 administrative requests because the justifications for release presented in the motion, such as the COVID-19 crisis and his deteriorating health over the last year, occurred well after 2018.

Because the Court cannot consider Petitioner's request for compassionate release until he has complied with the exhaustion requirements of § 3582(c)(1)(A), the Court must deny the instant motion without prejudice for failure to comply with the mandatory exhaustion requirements under § 3582(c)(1)(A). Accordingly;

## CONCLUSION

Petitioner's motion requesting a sentence reduction and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED WITHOUT PREJUDICE** to refiling after Petitioner has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on Petitioner's behalf or the lapse of 30 days from the receipt of such a request by the warden of Petitioner's facility, whichever is earlier.

**New Orleans, Louisiana, this 13th day of May, 2020.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**